**Eugene CRAWFORD, Plaintiff,**

v.

**Sally B. JOHNSON, et al., Defendants.**

No. 95–CV–6292.

United States District Court,
W.D. New York.

April 1, 1998.

Eugene Crawford, Albion, NY, pro se.

Elizabeth J. McDonald, Charles J. Genese, William Goldman, Asst. Attys. Gen., Rochester, NY, for Defendants.

## DECISION AND ORDER

SIRAGUSA, District Judge.

This is an action in which the plaintiff, a prisoner at the Orleans Correctional Facility, is suing various prison medical personnel pursuant to 42 U.S.C. § 1983. The plaintiff is appealing from an Order of the Honorable Jonathan W. Feldman, United States Magistrate Judge, which denied, for a third time, the plaintiff's application for appointment of counsel. Plaintiff has also moved, by letter dated March 15, 1998, to have this Court appoint him counsel. For the reasons that follow, Magistrate Feldman's Order is affirmed and the plaintiff's renewed motion for appointment of counsel is denied.

■ The complaint alleges that on March 10, 1995, the plaintiff injured his hand while at recreation, and he then complained to a nurse that "he heard what sounded like a bone break in his hand." The plaintiff alleges that he was not afforded adequate medical care until March 13, 1995, when it was determined that he had a fractured metacarpal in his right hand. The following facts appear to be undisputed: Immediately following his injury, he was treated on March 10, 1995 by a registered nurse, K. Muscarella, who examined his hand and determined that he had hyper-extended two of his fingers. The contemporaneous medical notes do not support the plaintiff's claim that he complained of hearing a sound like a breaking bone. A written statement dated March 10, 1995, signed by the plaintiff, states only that: "When I went up for the ball—the other player went for the ball—pulling my hand back." The medical notes from March 10, 1995, state in relevant part: "No edema or mal-alignment noted—good mobility. Minimal pain." The plaintiff was given an ice pack and Advil for pain. The plaintiff went back to the medical unit the following day, where he was seen by a different registered nurse, D. Lackey, who examined his hand, applied a splint and dispensed more Advil. Nurse Lackey's notes from that visit on March 11, 1995 state in relevant part: "Posterior of [right] hand swollen no redness, not hot to touch splint applied given Advil." The plaintiff went back to the medical unit the following day and was again examined by nurse Lackey, and was told that an appointment had been made for an x-ray the following day. Nurse Lackey's notes from March 12, 1995, state in relevant part: "1:25 pm Dr. Sinha informed ... x-ray [right] hand in AM." The following day, March 13, 1995, the prison took an X-ray of his hand, showing the fracture, and he was transferred to the Erie County Medical Center where a cast was placed on his hand. In a grievance filed April 3, 1995, the plaintiff states only that Muscarella was "negligent." Not until later did the plaintiff make any allegation against Lackey or the other defendants.

■ By Order dated June 30, 1995, the plaintiff was granted leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(e), the Court may appoint counsel to represent an indigent party. However, the decision whether or not to assign counsel is within the Court's discretion. *In re Martin–Trigona,* 737 F.2d 1254, 1260 (2d Cir.1984). The factors which the Court must consider in deciding whether or not to appoint counsel are as follows:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts regarding his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the indigent is able to present his case;

5. Whether the legal issues involved are complex; and

6. Whether there are any special reasons why appointment of counsel would be more likely than not to lead to a just determination.

*Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997).

Applying these principles to the instant case, the Court finds that appointment of counsel is not warranted. First, the plaintiff's claim does not seem likely to be of substance. In *Ross v. Kelly,* 784 F.Supp. 35, 43 (W.D.N.Y.1992), affirmed 970 F.2d 896 (2d Cir.1992), cert. denied 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992), the court held:

> To establish an Eighth Amendment violation based on the alleged inadequacy of prison medical treatment or the withholding of essential health care, plaintiff must prove that the defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." Recently, the Supreme Court held that the deliberate indifference standard includes both an objective and a subjective component. As to the former—the objective component, a court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the latter, a court must consider whether the deprivation was brought about by the defendants in wanton disregard of those rights. To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. (Citations omitted).

The court went on to state that:

> A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Id.* at 44 (Citations omitted).

▆▆▆ The deliberate indifference standard has an objective prong and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994). This standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Id.* Second, the charged official must act with a sufficiently culpable state of mind, i.e. more than negligence but less than conduct undertaken for the very purpose of causing harm. *Id.* A prison official acts with deliberate indifference where he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

In essence, the complaint in this action states, at most, negligence in failing to diagnose his fracture. It is undisputed that the plaintiff did in fact receive medical attention on each of the three days between his injury and the diagnosis of the fracture. It is undisputed that a registered nurse examined his hand each day, that he was given ice for swelling and Advil for pain, and that he was given an x-ray when his pain persisted. The plaintiff's claim is essentially not that he was denied medical treatment, but that the medical staff failed to properly diagnose and treat his injured hand for a period of three days. *Cf. Hathaway* 37 F.3d at 66 (Wherein the Second Circuit held that a two-year delay in arranging hip surgery, after plaintiff inmate complained forty-nine times, and where doctor did not inform plaintiff that he had two broken pins in his hip, could constitute "deliberate indifference"). First, it is questionable whether the plaintiff's injury is "sufficiently serious" to form the basis for an Eighth Amendment claim. Second, the complaint does not allege evil intent or a wanton

disregard for the plaintiff's rights. Accordingly, even accepting the plaintiff's version of the facts, the Court does not believe that the plaintiff is likely to prevail.

Inasmuch as the plaintiff has failed to establish that his case is "likely to be of substance," a threshold requirement, the Court does not need to consider additional factors. *Hendricks,* 114 F.3d at 392. However, the Court does note that the legal issues involved here are not complex, that the plaintiff appears to have been able to fully investigate his claim through interrogatories and document discovery, and that he appears able to present his own case without difficulty.

Accordingly, the magistrate's decision [39] denying plaintiff's application for appointment of counsel is affirmed. The plaintiff's appeal [40] is denied, and the plaintiff's letter motion for appointment of counsel dated March 15, 1998 is also denied.

So ordered.